IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES DEBARR**, on behalf of himself and others similarly situated, | ) Case No.<br>)<br>) Judge |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| **MEDICAL SERVICE COMPANY**, | ) **CLASS AND COLLECTIVE ACTION**<br>) **COMPLAINT** |
| Defendant. | )<br>) **JURY DEMAND ENDORSED HEREON** |

Representative Plaintiff James Debarr, by and through counsel, for his Class and Collective Action Complaint against Defendant Medical Service Company, states and alleges the following:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself and other employees similarly situated." Representative Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may joined this case pursuant to § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually related claims under the OMFWSA and R.C. 4113.15 (the "Ohio Class").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant is domiciled and conducts business in this district and division, and because a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

**PARTIES**

7. Representative Plaintiff is an adult individual residing in Youngstown, Ohio.

8. Representative Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

9. At all relevant times, Representative Plaintiff was employed by Defendant has a non-exempt hourly employee.

10. During his employment with Defendant, Representative Plaintiff regularly worked more than 40 hours per workweek.

11. At all relevant times, Representative Plaintiff was an employee within the meaning of the FLSA and Ohio law.

12. Defendant is a corporation formed under the laws of the State of Ohio and is registered to do business in the State of Ohio. According to records maintained by the Ohio Secretary of State, Defendant's registered agent is Joel D. Marx, 3041 Kersdale Road, Pepper

Pike, OH 44124. Defendant's principal place of business is 24000 Broadway Avenue, Cleveland, OH 44146.

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Upon information and belief, Defendant has had an annual gross volume of sales made or business done not less than $500,000.

16. At all relevant times, Representative Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 and Ohio law.

## FACTUAL ALLEGATIONS

17. Defendant is a post-acuate healthcare provider that specializes in chronic respiratory disease management.

18. Defendant employed Representative Plaintiff and those similarly situated as hourly non-exempt employees in its facilities located in Ohio, New York, Pennsylvania, Indiana, Illinois, Kentucky, Michigan, and Wisconsin.

19. Representative Plaintiff and those similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the OMFWSA.

20. Representative Plaintiff and those similarly situated were also entitled to payment of all wages earned on a semi-monthly basis under R.C. 4113.15.

21. In addition to their hourly wages, Representative Plaintiff and others similarly situated were paid non-discretionary on-call bonuses that were not calculated into their regular rates for the purposes of calculating overtime compensation.

22. As a result, Defendant did not pay Representative Plaintiff and those similarly situated all of the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

23. Also, Defendant did not pay Representative Plaintiff and those similarly situated all regular wages owed on a semi-monthly basis.

24. Defendant willfully violated the FLSA and Ohio law by failing to pay Representative Plaintiff and those similarly situated all overtime compensation earned and by failing to pay them all wages due on a semi-monthly basis, as described herein.

## COLLECTIVE ACTION ALLEGATIONS

25. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b).

27. The FLSA Collective members who are "similarly situated" to Representative Plaintiff with respect to Defendant's FLSA violations consist of:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary on-call bonuses during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

28. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's

unlawful practice of excluding the non-discretionary bonuses from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30. Representative Plaintiff cannot yet state the exact number of similarly situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

31. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Representative Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary on-call bonuses, during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Representative Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of over 100 persons. The number of class members as well

5

as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Defendant miscalculated the overtime compensation it paid to Representative Plaintiff and other Ohio Class members by excluding non-discretionary bonuses from the calculation of their "regular rates" for purposes of overtime compensation.

   b) Whether Representative Plaintiff and other Ohio Class members would have received additional overtime compensation if non-discretionary bonuses had properly been included in their "regular rates" of pay, and, if so, in what amount.

   c) Whether Defendant failed to pay Representative Plaintiff and other Ohio Class members wages earned on a semi-monthly basis.

35. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class members.

36. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

41. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

42. Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of forty (40) hours per workweek.

43. Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the FLSA Collective members by excluding non-discretionary bonuses, including on-call bonuses, from the calculation of their "regular rates."

44. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

45. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Class - Overtime Violations)

46. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Representative Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

48. At all times relevant, Defendant was an employer covered by the OMFWSA.

49. Defendant violated the OMFWSA by excluding non-discretionary bonuses, including on-call bonuses, from the calculation of employees' regular rates for purposes of overtime compensation.

50. Defendant's violations of the OMFWSA injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

51. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate,

less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Class - Failure to Pay Wages on a Semimonthly Basis)

52. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Ohio R.C. 4113.15(A) requires that Defendant pays Representative Plaintiff and the Ohio Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

54. There is no dispute that Defendant has an obligation to pay employees for all wages earned on a semi-monthly basis. However, Defendant did not pay Plaintiff and the Class all wages earned for all work performed during their workdays. So, Representative Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday. Therefore, wages earned have not been paid on a semi-monthly basis in violation of R.C. 4113.15.

55. Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio R.C. 4113.15.

**PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff and other members of the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff and other members of the FLSA Collective and the Ohio class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount for Defendant's FLSA overtime violations;

E. Award Representative Plaintiff and the Ohio Class unpaid wages remaining unpaid on a semi-monthly basis, plus liquidated damages in an amount equal to six per cent (6%) of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

F. Award Representative Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and,

G. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430 (Fax)
Email: rbaishnab@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff*