# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMES DEBARR**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**MEDICAL SERVICE COMPANY**,<br><br>Defendant. | Case No. 1:23-cv-01000-DCN<br><br>Judge Donald C. Nugent<br><br>**JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |

Named Plaintiff and Defendant (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") Settlement.[1] The Settlement was reached by experienced wage and hour counsel during arm's length, good faith negotiations and a full-day mediation before a third-party neutral. The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release and Exhibits;

**Exhibit 2**: Declaration of Robi J. Baishnab; and,

**Exhibit 3**: Proposed Order Granting Approval of FLSA Settlement.

---

[1] All capitalized terms not defined in this Joint Motion shall have the meanings ascribed to them in the Collective Action Settlement Agreement and Release (the "Agreement").

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

The Parties ask the Court to approve the attached Agreement, including the content of the Notice of Settlement and Claim Form, along with the procedure of disseminating the Notice of Settlement and Claim Form. The Settlement was reached during arm's length, good faith negotiations by experienced wage and hour attorneys, and after a full day of mediation before a third-party neutral. If approved, the Settlement will provide timely and substantial payments to those who participate, and this case will be dismissed with prejudice.

**A.     Background**

On May 17, 2023, Named Plaintiff filed this Collective and Class Action Complaint, captioned *Debarr v. Medical Service Company* in the United States District Court for the Northern District of Ohio, Case No. 4:23-cv-01000 ("the Action") (Doc. 1), and on July 6, 2023, Named Plaintiff filed an Amended Complaint. (Doc. 13). The Action alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111 and R.C. 4113.15, because Defendant because it failed to properly calculate overtime compensation by failing to include certain non-discretionary compensation into the regular rate. (*Id*. at ¶22).

On June 15, 2023, Defendant filed its answer, in which it denied all liability, and continues to deny all liability. (Doc. 9; Agreement at ¶2). Five Opt-In Plaintiffs have submitted a Consent to Join form, which have been filed with the Court. (ECF Nos. 5, 7, 11, 14).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation. (Doc. 17). Prior to mediation, Plaintiffs' Counsel engaged the services of a PhD data scientist to construct a damages model using information produced by Defendant. The

2

model was shared with Defendant's Counsel and the mediator. (Agreement at ¶5; Baishnab Dec. at ¶13).

The Parties mediated this case with third-party neutral, Frank A. Ray, on September 8, 2023. (*Id*.). The Parties reached an agreement at the mediation. (Doc. 20). The terms of that agreement are embodied in the Agreement. (Agreement at ¶6).

### B. Summary of the Settlement

The Settlement includes the Eligible Settlement Participants are present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary on-call bonuses during the Release Period. Eligible Settlement Participants are a group of **375** individuals identified for mediation and as outlined in the damages model shared during mediation. Eligible Settlement Participants include the Named Plaintiff and the Opt-In Plaintiffs. Settlement will exclude individuals with less than $1 in damages, as calculated by Plaintiffs' Counsel. (Agreement at ¶15).

The total settlement amount, or Global Settlement Fund, is **$143,455.25**. This amount includes: all Settlement Awards; (2) any Service Payment approved for Named Plaintiff; and (3) all Plaintiffs' Counsel's attorneys' fees and litigation costs approved by the Court. The Total Settlement Amount does not include the cost of settlement administration, which Defendant will pay outside the fund. The cost of settlement administration is **$7,251.00**. The Global Settlement Fund does not include Defendant's share of the payroll taxes for payments made as W-2 wages under the terms of the Agreement. (Agreement at ¶16). The total settlement amount reflects approximately 100% of the alleged unpaid overtime, plus a little more than 78% liquidated damages, as calculated by Plaintiffs' Counsel's for the Eligible Settlement Participants. The average payment is approximate $361.00. (Baishnab Dec. at ¶16).

A Notice of Settlement will be sent to the Eligible Settlement Participants, along with a Claim Form to join the Settlement. Those who join the Settlement will become Claimants and receive Individual Settlement Payments, as outlined in the Agreement. (Agreement at ¶¶10-11, 18, 45).

After deducting the Service Award, Attorneys' Fees and Costs, and Settlement Administrator Costs, the remaining Net Settlement Fund will be distributed to Claimants according to their respective *pro rata* share of the Net Settlement Fund based on the amount of estimated alleged unpaid overtime owed to the Eligible Settlement Participant as calculated in Plaintiffs' Counsel's damages model. (*Id*. at ¶28).

The Settlement provides for a **$3,500** Service Award to Named Plaintiff in recognition of, and in consideration for, his substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members. (*Id*. at ¶¶, 24, 36).

The Settlement also provides for the payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third (1/3) of the total settlement amount and reimbursement of Plaintiffs' Counsel's costs and expenses in the amount of **$1,164.12**. (*Id*. at ¶35; Baishnab Dec. at ¶19).

## II.     THE COURT SHOULD GRANT FINAL FLSA APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

### A.     The Seven-Factor standard is satisfied.

Courts presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*,

4

328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))). As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

Here, the Settlement satisfies the seven factors used by the Sixth Circuit when evaluating collective action settlements: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13.

### 1. No indicia of fraud or collusion exists.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).

Here, Defendant denies all liability, and the Agreement was achieved only after arm's length, good faith negotiations between experienced counsel and with the help of a third-party neutral. (Agreement at ¶¶29, 32; Baishnab Dec. at ¶¶3-11, 14). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

      **2.**      **The complexity, expense, and likely duration of continued litigation favor approval.**

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. "No class action is simple" and "[i]n litigating this case, the parties would likely engage in extensive discovery pertaining to documents and witnesses." *White*, 2018 U.S. Dist. LEXIS 174414, at *4-5. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *14 (S.D. Ohio Sep. 25, 2018) ("Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them[.]") (citations omitted).

If this case had not settled, the Parties would have to engage in costly litigation and discovery, such as written discovery and depositions. Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution. (Baishnab Dec. at ¶14).

      **3.**      **Investigation was sufficient to allow the Parties to act intelligently.**

The Parties engaged in substantial investigation and analysis before and while negotiating the Settlement. Specifically, Defendant produced payroll data for the Eligible Settlement Participants. Plaintiffs' Counsel engaged the services of a PhD level data scientist to build a damages model using this data, which was shared with Defendant's Counsel and the mediator. Both sides are represented by competent and skilled wage and hour attorneys. During negotiations, and during and after the mediation, the Parties' Counsel argued as to each other Party's respective positions, and disputes remain. (Agreement at ¶¶5, 8; Baishnab Dec. at ¶¶13-14). Accordingly, this factor supports settlement approval.

6

### 4. The risks of litigation favor approval.

The Settlement represents a compromise of disputed claims. Specifically, Named Plaintiff alleged a company-wide policy and practice of not paying Eligible Settlement Participants all overtime earned because Defendant because it failed to properly calculated overtime compensation by failing to include certain non-discretionary compensation into the regular rate. (Agreement at ¶¶1, 8). Defendant has denied liability throughout the litigation and asserts that Named Plaintiff was paid in compliance with all applicable laws. (Doc. 9; Agreement at ¶29). Though the matter settled, the Parties continue to disagree about the claims and defenses, including whether the Eligible Settlement Participants are entitled to any compensation, whether liquidated damages is appropriate, whether Named Plaintiff can prove willfulness, and whether the claims alleged can proceed collectively. Additionally, there is the risk that Named Plaintiff could lose entirely or obtain a smaller monetary remedy. (Baishnab Dec. at ¶14).

### 5. The opinion of Plaintiffs' Counsel favors approval.

"The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018) (citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs .... [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered.")).

Here, Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, Plaintiffs' Counsel acted in good faith and vigorously advocated in the best interests of the Named Plaintiff and the Eligible Settlement Participants. Plaintiffs' Counsel conducted a thorough assessment of the claims and defenses. And with recovery approximately

7

100% of the alleged unpaid overtime, plus a little more than 78% liquidated damages, with an average payment of approximately $360, Plaintiffs' Counsel believes that the proposed Settlement is fair, adequate, and reasonable. (Baishnab Dec. at ¶16). Accordingly, this factor favors approval of the Settlement.

6. **The reaction of absent collective members**.

If the Court approves the settlement, Eligible Settlement Participants will receive a Notice of Collective Action Settlement and Claim Form and have the option to join the settlement. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims. (Agreement at ¶¶10-11, 21, 59-60). Thus, if an absent class member objects to the settlement, they can simply choose not to participate.

7. **Public interest favors settlement approval.**

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13; *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *11 (N.D. Ohio Mar. 26, 2019) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Settlement Class, avoids the risks and expense in further litigation, and conserves judicial resources." *Id*. Therefore, just as in *Wright*, the Court should find that this factor supports approval of the Settlement.

B. **The Settlement distributions are fair, reasonable, and adequate.**

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *See, e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *15 (N.D. Ohio Mar. 8, 2010) (further citations omitted).

1. **The Individual Settlement Payments are reasonable and adequate.**

As mentioned above, as part of negotiations, Plaintiffs' Counsel retained an expert to analyze the time and payroll data for the Eligible Settlement Participants. The Global Settlement Fund reflects approximately 100% of the alleged unpaid overtime, plus a little more than 78% liquidated damages, with an average payment of approximately $360. (Baishnab Dec. at ¶18). The Settlement compensates Eligible Settlement Participants for alleged unpaid overtime wages according to their respective *pro rata* share of the Net Settlement Fund on the amount of estimated alleged unpaid overtime owed to the Eligible Settlement Participant as calculated in Plaintiffs' Counsel's damages model. (Agreement at ¶28). As such, each Eligible Settlement Participant can obtain compensation for alleged unpaid wages that are proportional to the amount of their alleged damages, as well as those suffered by the class as a whole. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *22 (S.D. Ohio Sep. 25, 2020). Accordingly, the Individual Settlement Payments are reasonable and adequate.

2. **Named Plaintiff's Service Award is proper and reasonable.**

The Agreement provides for a Service Award of **$3,500** to Named Plaintiff, in addition to his Individual Settlement Payment. (Agreement at ¶¶, 24, 36). Courts routinely approve service awards to named plaintiffs in class and collective action litigation matters, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18, and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service

awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7.

Here, Named Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter. (Baishnab Dec. at ¶17). Additionally, Defendant agrees the request is reasonable and will not contest this application. (Agreement at ¶36).

### 3. The Attorneys' Fees and Costs to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of the Settlement are fair to the Eligible Settlement Participants, it may review the Parties' Agreement as to the provision of Attorneys' Fees and Costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

Here, the Named Plaintiff is requesting that the Court approve reasonable attorneys' fees of **$47,818.42**, which represents one-third (1/3) of the Gross Settlement Fund. Defendant agrees the request is reasonable and will not contest this application. (Agreement at ¶35). "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable

attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *28 (S.D. Ohio Sep. 25, 2020) (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010).

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Courts regularly hold that one-third of the settlement fund "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *see also Ganci,* 2019 U.S. Dist. LEXIS 207645, *15 (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes*, 2019 U.S. Dist. LEXIS 65657, *16 (same); *Wright*, 2018

11

U.S. Dist. LEXIS 140019, *21 (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Furthermore, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Baishnab Dec. at ¶18). Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *19.

Finally, courts acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *10. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

### 4. The Court should authorize reimbursement of costs.

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which are **$1,164.12**, which include filing fee, service, postage, and damages model. (Baishnab Dec. at ¶19). "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining

12

settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id*.

Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining the Settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel. (Baishnab Dec. at ¶19). Defendant agrees the request is reasonable and will not contest this application. (Agreement at ¶35).

### III. CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Approval of FLSA Settlement; (2) approve Plaintiffs' Counsel's request for Attorneys' Fees and Costs; (3) approve the requested Service Award; and (4) retain jurisdiction to enforce the Settlement, if necessary.

Respectfully submitted,

| NILGES DRAHER LLC | ULMER & BERNE LLP |
|---|---|
| */s/ Robi J. Baishnab* | */s/ Joseph J. Brennan (with permission)* |
| Robi J. Baishnab (0086195) | Joseph J. Brennan (0085353) |
| 1360 E. 9th St, Suite 808 | Emma M. Tomsick (0101308) |
| Cleveland, OH 44114 | 1660 W. 2nd St, Suite 1100 |
| Telephone: 216-230-2955 | Cleveland, OH 44113 |
| Facsimile: 330-754-1430 | Telephone: 216-583-7000 |
| Email: rbaishnab@ohlaborlaw.com | Facsimile: 216-583-7001 |
| | Email: jbrennan@ulmer.com |
| | etomsick@ulmer.com |
| Shannon M. Draher (0074304) | |
| 7034 Braucher St NW, Suite B | *Counsel for Defendant* |
| North Canton, OH 44720 | |
| Telephone: 330-470-4428 | |
| Facsimile: 330-754-1430 | |
| Email: sdraher@ohlaborlaw.com | |

*Counsel for Plaintiffs*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed for service via the Court's CM/ECF system on October 12, 2023. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiffs*